# IN THE SUPREME COURT OF THE STATE OF MONTANA

## No. 88-111

IN RE:  AMENDMENTS TO RULES        )        A M E N D E D
3B2, 5 AND 12 OF THE RULES FOR        )        O R D E R
CONTINUING LEGAL EDUCATION      )

This Court has undertaken a review of the Rules for Continuing Legal Education (CLE Rules) pertaining to Reporting Requirements (Rule 5) and Noncompliance (Rule 12).  Based our long history of dealing with these Rules, we have concluded that the process required by these Rules is inefficient and imposes substantial paperwork burdens on this Court and on the Commission of Continuing Legal Education (Commission).  Moreover, we have concluded that there is no real sanction to discourage attorneys from abusing the system and from failing to discharge their continuing legal education responsibilities in a timely manner.

For these reasons, we have adopted amendments to CLE Rules 3B2, 5 and 12, as attached hereto as Exhibit AA@ and, by this reference, made a part hereof for all purposes.  We believe that these changes will remedy the above referenced deficiencies in the present CLE Rules; will make the process more efficient; and will provide a meaningful sanction for those attorneys who fail to comply with the CLE Rules in a timely manner.  Therefore,

IT IS ORDERED that the amendments to the CLE Rules attached hereto as Exhibit AA@ and, by this reference, made a part hereof for all purposes are ADOPTED. Existing material to be deleted is stricken; new material is underlined.

1

**IT IS FURTHER ORDERED** that this Order shall be effective October 1, 2005.

**IT IS FURTHER ORDERED** that the Clerk of this Court give notice of this Order by mail to the Chairperson of the Commission; to the Executive Director of the State Bar of Montana with the request that the State Bar publish this Order and attached amendments on the State Bar=s website and in the next available edition of the *Montana Lawyer*; to the State Law Librarian with the request that she publish this Order and attached amendments on the State Law Library=s website; and to WestGroup and the State Reporter.

**IT IS FURTHER ORDERED** that this Order amends our Order issued January 25, 2005.

Dated this 2nd day of February, 2005.

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS

**RULE 3B2    Amended by adding subparagraph Ah@ as follows:**

**h.  In accordance with Rule 12, direct the State Bar of Montana to transfer attorneys not in compliance with Rule 5 from active status to inactive status and otherwise comply with the notification requirements of Rule 12.**

**RULE 5        REPORTING REQUIREMENTS**

**A.  Report.  On or before April 1 of each year, each active member who has not been granted an exemption under Rule 4, shall file an affidavit with the Commission reporting continuing legal education activity in the preceding reporting year.  The report may include any carryover credits specified in Rule 4A, together with any proof the Commission may require.  The Commission shall mail the prescribed affidavit form to each active member on or before March 1 of each year.**

**B.  Fee.  The Commission shall require payment of a fee not to exceed twenty-five dollars ($25.00), which each reporting attorney must pay to defray the cost of maintaining records and enforcing the Rules.  The prescribed fee shall accompany the Supreme Court License Tax and the State Bar of Montana Membership Dues submitted by each attorney.   Failure to pay the prescribed fee constitutes noncompliance under Rule 12.**

**C.  Noncompliance Fees.  In addition to the filing fee prescribed in Rule 3B2(e), attorneys in noncompliance who correct the deficiency** ~~shall pay the following fees:~~**on or before June 15, as provided in Rule 12A, shall be assessed an additional fee of fifty dollars ($50.00).**

~~1.  If the noncompliance is corrected before the Commission=s final notice is sent, as prescribed in Rule 12A, the additional fee shall not exceed fifty dollars ($50.00).~~

**1.  Noncompliance after June 15 shall be governed by Rule 12.**

~~2.  If the noncompliance is corrected after the Commission=s final notice is sent out, the additional fee shall not exceed one hundred dollars ($100.00).  An attorney in non-compliance for a second consecutive year shall be assessed a late filing fee not to exceed three hundred dollars ($300.00).~~

~~The fees prescribed in Rule 5C shall be determined by the Commission each year.~~

**2.  The fees prescribed in this Rule shall be determined by the Commission each year.**

**D.  If the prescribed reporting affidavit is deemed incomplete or ambiguous by the Commission or its MCLE Administrator, additional information may be required from the reporting member.**

**E.  The burden is on the member to submit and satisfy the requirements of these rules, and failure to respond in a timely manner shall constitute noncompliance under Rule 12.**

**RULE 12    NONCOMPLIANCE**

A.  Notice of Noncompliance.  The Commission shall, by May 15 of each year, send a written notice of noncompliance to each attorney who had not filed an acceptable affidavit for the previous year as required by Rule 5.  The notice of noncompliance shall describe the nature of the noncompliance and shall state that, unless the attorney files an acceptable affidavit with the Commission by June 15 of that year showing that the noncompliance has been corrected and pays the appropriate fees, ~~his or her name will be submitted to the Montana Supreme Court for action by the Court.~~ the Commission will direct the State Bar of Montana to transfer the attorney to inactive status until the noncompliance is corrected and the fees required by Rule 5 are paid.  This transfer shall be effected within 10 business days of the Commission's notice to the State Bar of Montana.

B.    Notice ~~to Supreme Court.~~ of Transfer.  ~~After June 15 of each year, the Commission shall notify the Supreme Court of the names of each attorney in noncompliance.~~  Contemporaneously with its notice to the State Bar of Montana, the Commission shall furnish the names of the attorneys and the effective date of their transfers to inactive status--which shall be the 10th business day following the Commission's notice to the State Bar of Montana--to the Supreme Court, to the Clerk of the Supreme Court, to the Clerks of the District Courts of the State of Montana with the request that they provide a copy to the district judges in their judicial districts, to the Clerk of the Federal District Court of the District of Montana, with a request that he provide a copy to the United States District Judges in Montana and to the Clerk of the Circuit Court of Appeals of the Ninth Circuit.

~~C.  Final Notice.  After June 15 of each year, the Commission shall send a final notice of noncompliance to the attorney.  The notice shall be sent by certified mail and will advise that a letter has been sent to the Montana Supreme Court advising that the attorney is in noncompliance.~~

C.  Transfer Not Punishment.  The transfer of an attorney to inactive status pursuant to this Rule shall not be deemed a punishment or disciplinary action for purposes of the Montana Rules of Professional Conduct or the Montana Rules for Lawyer Disciplinary Enforcement (2002).

~~D.  Show Cause Order.  The Montana Supreme Court shall, within fifteen (15) days of receiving notice from the Commission, issue an order to each attorney in noncompliance to show cause why the Court should not suspend the attorney from the practice of law.  In the absence of a showing of good cause within the time allowed, the Court will enter its order suspending that attorney from the practice of law.  The Court will also give notice of that decision to all State and Federal courts in Montana and to the State Bar of Montana for publication in the *Montana Lawyer* magazine.~~

D.  Fee for Reinstatement. An attorney transferred to inactive status pursuant to this Rule shall apply for reinstatement as provided in Section 3 of the By-Laws of the State Bar of Montana and shall pay to the State Bar of Montana a fee equal to the greater of two hundred dollars ($200.00) or the usual and customary fee charged by the State Bar of Montana for transferring a member from inactive to active status.